WALKER, Presiding Justice,
dissenting:
I respectfully dissent from the holding of the majority.
In my opinion the award of $158,000.00 in punitive damages was wholly unjustified. If there were ever a case where the insurance company had an arguable reason to refuse payment of the claim of $2,416.00, this is one.
When Mr. McGee made application for hospital and medical insurance with Reserve Life Insurance Company, he reported to the insurance company that he was in good health when, in fact, he was not in good health and had been to his regular physician for a total of eleven times within four years prior to his application to Reserve Life for hospital and medical insurance coverage. Among other things, he was treated for transient ischemia attack. The first treatment for the condition was on June 16, 1978 and the second on July 2, 1979. Mr. McGee’s physician, Dr. Bobo, defined transient ischemia as being a “little stroke.” The doctor also stated that there was a probability of the transient ischemia occurring in the future and getting worse as Mr. McGee gets older. The doctor testified that he felt sure that he had advised Mr. McGee of his condition and that Mr. McGee was capable of understanding what the doctor was telling him about transient ischemia attacks.
The uneontradicted testimony of Reserve Life’s underwriter was that the policy would have been rejected if the company had known of the transient ischemia attacks.
Certainly with this after-acquired information obtained by the insurance company relative to Mr. McGee’s actual physical condition, the insurance company was amply justified in refusing to pay the $2,416.00 hospital and medical expenses claimed to be due under the policy. It might very well be that a jury would find otherwise, but, if there were a jury issue made on the question of whether the insurance company was liable for the medical payments under the policy, then, in my opinion there was no issue to be submitted to the jury on the question of punitive damages as a matter of law.
The majority opinion will no doubt bring on a flood of similar law suits if for any reason an insurance company denies coverage under a policy. After all Mr. McGee has received $160,416.00 as a result of his own misrepresentation. Something is wrong with such a system. The ultimate loser will be the general public — policyholders — who will have to pay the bill through higher premiums.
This case cries out for legislative action which would limit recovery to actual expenses received in bringing suit plus double or triple the sum found to be due under the policy. Such a procedure would provide an adequate remedy to policyholders who had a legitimate claim against a recalcitrant insurance company.
BROOM, P.J., joins this dissent.